HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
RENATO AGUILERA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RENATO AGUILERA,<br><br>Defendant. | Case No. 1:20-cr-00240 JLT-SKO-5<br><br>**STIPULATED MOTION AND [lodged] ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge:  Hon. Jennifer L. Thurston |

Defendant, RENATO AGUILERA, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision").  *See* Amendment 821, Part B, Subpart 1.  The zero-point provision provides a 2-offense-level

reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a).  The United States Sentencing Commission made the zero-point provision retroactive beginning February 1, 2024.  *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. On April 29, 2022, this Court sentenced Mr. Aguilera to a term of 87 months;

4. Mr. Aguilera's total offense level was 29, his criminal history category was I (based on him having zero criminal history points), and the resulting guideline range was 87 to 108 months.  The Court was not bound to the statutory mandatory minimum for the reasons stated in Section II of the Statement of Reasons;

5. The sentencing range applicable to Mr. Aguilera was subsequently lowered by the zero-point provision;

6. Mr. Aguilera is eligible for a reduction in sentence, which reduces his total offense level by 2 from 29 to 27, and his amended advisory guideline range is reduced to 70 to 87 months;

7. Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Aguilera's term of imprisonment to 70 months for Count 1 of the superseding indictment, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date of the Court's Order exceeds 70 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[1]

8. <u>United States' statement regarding its stipulation</u>:[2]

The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 147; government's sentencing memo, ECF No. 153; Statement of Reasons ("SOR"); Judgment, ECF No. 158; defendant's Bureau of Prisons ("BOP") disciplinary history; and after consulting with the prosecuting Assistant United States Attorney.

The defendant pleaded guilty, pursuant to a written plea agreement, to Conspiracy to Distribute Controlled Substances (Methamphetamine and Fentanyl), in violation of 21 U.S.C. §§

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.
[2] This statement is not part of the parties' stipulation.

1 | 846, 841(a)(1), and 841(b)(1)(A).  PSR ¶¶ 1–2.  At sentencing, the government supported

2 | probation's recommendation that the Court impose a sentence of 87 month' imprisonment.

3 | Defendant argued for a downward variance to 78 months' imprisonment.

4 |      According to BOP records, as of March 18, 2024, the defendant has no sustained

5 | disciplinary incidents during his time in custody.  The defendant is currently located at Chicago

6 | MCC with a projected release date of March 8, 2028.

7 | Respectfully submitted,

Dated:  March 22, 2024

PHILLIP A. TALBERT
United States Attorney

*/s/ Shelley D. Weger*
SHELLEY D. WEGER
Assistant U.S. Attorney
Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated:   March 22, 2024

HEATHER E. WILLIAMS
Federal Defender

*/s/ Peggy Sasso*
PEGGY SASSO
Assistant Federal Defender
Attorneys for Defendant
RENATO AGUILER

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Aguilera is entitled to the benefit of Amendment 821, Part B, Subpart 1, the new zero-point provision, which reduces the total offense level from 29 to 27, resulting in an amended guideline range of 70 to 87 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2022 is reduced to a term of 70 months for Count 1 of the superseding indictment, effective 10 days from the date of the amended judgment. If the amount of time served as of the effective date of the Court's Order exceeds 70 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.

IT IS FURTHER ORDERED that all the terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Aguilera shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:  **March 25, 2024**

UNITED STATES DISTRICT JUDGE